CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 25 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT LEE JONES, | )<br>)<br>) |
| Plaintiff, | ) Case No. 7:11CV00022<br>) |
| v. | )<br>) MEMORANDUM OPINION<br>) |
| SOUTH WEST VIRGINIA REGIONAL<br>JAIL, ET AL., | ) By: Glen E. Conrad<br>) Chief United States District Judge<br>) |
| Defendants. | |

Plaintiff Robert Lee Jones, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Jones alleges that his jail cell mate sexually abused him. Upon review of the record, the court finds that the complaint must be dismissed.

## Background

Jones alleges the following sequence of events on which he bases his claims. He arrived at the Southwestern Virginia Regional Jail as an inmate on July 21, 2010. For three weeks, he was placed in "6A cell 43" with another male inmate who forced him to engage in sexual acts. The cell mate told Jones that if he told anyone about the sexual abuse, the cell mate would kill him. When Jones was "over the[re]," apparently in another section of the jail, he told someone named "Polly" about the cell mate's actions. Polly thought Jones was joking, however, and did nothing to help. The cell mate's sexual abuse continued.

Jones says that he filed grievances about the matter, but does not attach copies of any grievances or indicate when he filed them, what information he provided, or how jail officials

responded. He asserts that he was denied due process, that no one would help him, and that he suffered retaliation, bias and prejudice from the jail officials. He does not state any facts in support of these assertions, however. He sues the jail and the cell mate. As relief, he "ask[s] for [his] constitutional rights to seek justice, from mental and physical pain and undue suffering."

## Discussion

The court is required to dismiss any action or claim filed by a prisoner if it determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). After a review of Jones' allegations as amended, the court concludes that he fails to allege facts stating any claim actionable under § 1983 against the defendants.

### A. State Action

To state a cause of action under § 1983, a plaintiff must allege facts which would establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The Supreme Court has articulated a two-part test for determining whether conduct may be "fairly attributable to the State" so as to qualify as acting under color of state law. Lugar v. Edmonson Oil Co., 457 U.S. 922 (1982). First, "[t]he deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." Id. Second, "the party charged . . . must be a person who may fairly be said to be a state actor." Id. A person acting under color of state law may be an employee of the state or one acting under the direction of or with the aid of state officials. Id.

Jones sues his cell mate. He does not, however, state facts indicating that the cell mate is a person for whom the state is responsible or that the cell mate was acting under the direction of, or with the aid of, state officials. As such, he fails to demonstrate any respect in which the cell mate's conduct is attributable to the state or that the cell mate could qualify as "acting under color of state law." Because Jones thus fails to show that the cell mate is subject to being sued under § 1983, the court must dismiss all § 1983 claims against this defendant.

Jones might well have actionable legal claims against the cell mate under state law for assault and battery or other torts. State law claims are not independently actionable under § 1983, however. Weller v. Dep't of Social Services, 901 F.2d 387, 392 (4th Cir. 1990). Because the federal claims against the cell mate must be dismissed, the court declines to exercise supplemental jurisdiction over any related state law claims. See 28 U.S.C. § 1367(c). Jones also alleges no facts indicating that this court would have diversity jurisdiction over state law claims against the cell mate. See 28 U.S.C. § 1332 (granting diversity jurisdiction over claims between citizens of different states involving at least $75,000).

For the stated reasons, the court finds that Jones' allegations fail to state any legal claim against the cell mate that Jones could pursue in this court. Therefore, the court will dismiss the claims against the cell mate without prejudice, pursuant to § 1915A(b)(1). Dismissal without prejudice leaves Jones the option of bringing a civil suit against the cell mate under state law in state court or of applying for criminal charges against him in state court.[1]

---

[1] The court cannot construe Jones' present pleading as seeking to bring criminal charges against anyone. Private citizens cannot bring a direct criminal action against another person in federal court or petition federal courts to compel the criminal prosecution of another person. Maine v. Taylor, 477 U.S. 131, 137 (1986); Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981); Lida R. S. v. Richard D., 410 U.S. 614, 619 (1973).

## B. No Federal Claim Stated

The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners."[2] Farmer v. Brennan, 511 U.S. 825, 833 (1994). Not every injury suffered by one prisoner at the hands of another prisoner establishes liability against a prison official, however. To make a valid claim under the Eighth Amendment based on prison officials' failure to protect him against assault, a prisoner must satisfy two elements.

First, "the deprivation alleged must be sufficiently serious." Odom v. S.C. Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003) (internal quotation marks and citation omitted). "To demonstrate such an extreme deprivation, a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions." Id.

Second, a prisoner must demonstrate that the prison official acted, or failed to act, out of deliberate indifference to inmate health or safety. Id. (internal quotation marks and citation omitted). A prison official demonstrates deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety." Id. In other words, "the test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." Case v. Ahitow, 301 F.3d 605, 607 (4th Cir. 2002).

"Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or

---

[2] It is not clear from his pleadings whether plaintiff was a pretrial detainee or a convicted felon at the time of the alleged violations. Claims concerning confinement conditions imposed upon pretrial detainees are to be evaluated under the Due Process Clause, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). Due process proscribes punishment of a detainee before proper adjudication of guilt has been accomplished. Id. However, as a practical matter, the contours of the Due Process Clause in the prison context tend to be coextensive with the substantive constitutional principles applied via the Eighth Amendment to convicted inmates. See Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992) (medical needs).

executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. New York City Dept. of Social Services, 436 U. S. 658, 690 (1978). A governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. Polk County v. Dodson, 454 U.S. 312, 326 (1981). "Thus, the entity's official policy must have played a part in the alleged violation of federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 817-818 (1985).

Jones names the jail as a defendant to his claim that he was not protected against the cell mate's sexual abuse. He fails to state facts, however, indicating that any specific policy or rule of the jail caused the cell mate's actions. Because Jones has not alleged that the violations of his rights were caused by any specific jail policy or rule, he fails to state a § 1983 claim against the jail for failing to protect him. See Polk County, 454 U.S. at 326.

Moreover, Jones' allegations do not indicate that any jail official knew, in time to prevent the harm, that Jones' cell mate was abusing him. Besides other inmates, Jones alleges telling only one individual about the abuse and that person did not understand the seriousness of his allegations and believed them to be a joke. Because Jones does not allege that any jail official acted with deliberate indifference to a known risk of harm to Jones, his current complaint fails to state any actionable § 1983 claim against anyone at the jail for failing to protect him. Accordingly, the court finds it appropriate to dismiss his Eighth Amendment claims without prejudice, pursuant to § 1915A(b)(1). An appropriate order will issue this day.

ENTER: This 25th day of January, 2011.

_____
Chief United States District Judge